CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for Charlottesville
JUN 1 2 2006
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 3:02-CR-00042 |
| v. | OPINION AND ORDER |
| EDISON PILGRIM CRAWFORD, *Defendant.* | JUDGE NORMAN K. MOON |

This matter comes before the Court on Defendant Edison Crawford's Motion to Extend Bond, filed June 5, 2006.

On September 1, 2005, pursuant to Defendant's August 31, 2005 motion for bond pending appeal, the Court issued an order stating that Defendant "will remain on bond pending Appeal, under the same conditions set prior to sentencing." On May 16, 2006, after Defendant's appeal was denied by an April 6, 2006 decision of the Fourth Circuit, the Court ordered that Defendant's self-report date to the Bureau of Prisons be delayed until the Fourth Circuit's mandate had issued. The Fourth Circuit's mandate issued on June 5, 2006.

Defendant now requests that the Court enter an Order extending his bond through final resolution of his appeal to the United States Supreme Court.

Title 18, United States Code §3143(b) provides that a person found guilty of an offense and sentenced to a term of imprisonment who has filed an appeal or a petition for a writ of *certiorari* may be released on bond if a judicial officer finds (i) by clear and convincing evidence that the person is not likely to flee or pose a danger to the community, and (ii) that the appeal is

not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal.

The Court previously made both these findings in granting Defendant's original oral motion for bond pending appeal.[1] Despite the Fourth Circuit's adverse decision, the decisional law confirms the Court's view that Defendant's appeal, now to the Supreme Court, raises a substantial question of law, which if decided in his favor is likely to lead to reversal of the Court's Judgment. *See, e.g., Shepard v. United States*, 544 U.S. 13, 28-29 (2005) (Thomas, J. concurring) ("*Almendarez-Torres*, like *Taylor*, has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided. The parties do not request it here, but in an appropriate case, this Court should consider *Almendarez-Torres*' continuing viability.") (internal citations omitted). Further, the Government has not brought to the Court's attention any facts that would change its finding that Defendant poses neither a flight risk nor a danger to the community.

Defendant's motion therefore is GRANTED. Defendant SHALL REMAIN ON BOND under the same conditions set prior to sentencing pending the final disposition of his writ of *certiorari* to the United States Supreme Court.

It is so ORDERED.

The Clerk of the Court is directed to send certified copies of this Opinion and Order to all Counsel of Record.

ENTERED: *[signature]*
U.S. District Judge

6-12-2006
Date

---

[1] Tr., July 22, 2005 sentencing hearing, at 25, 28-29.