CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
APR 23 2008 C'ville
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 3:02-cr-00042 |
| | ) | Civil Action No. 3:07-cv-80000 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| | ) | By: Hon. Norman K. Moon |
| EDISON PILGRIM CRAWFORD. | ) | United States District Judge |

Petitioner Edison Pilgrim Crawford, a federal inmate proceeding pro se, brings this action as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. Crawford alleges several instances of ineffective assistance of counsel and further alleges that his guilty plea was not knowing and voluntary. Respondent filed a Motion to Dismiss and Crawford responded, making the matter ripe for disposition. Upon review of the submissions of the parties and the underlying criminal record, Criminal Case No. 3:02-cr-00042, the court finds that Crawford's plea was knowing and voluntary and that he waived his ineffective assistance of counsel claims in his plea agreement. Accordingly, the court finds that respondent's Motion to Dismiss must be granted.

I.

On May 16, 2002, Crawford was named in a one-count indictment in the Western District of Virginia that charged him with manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1). On November 6, 2002, Crawford was arrested and appeared before the court for an initial appearance, bond hearing, and arraignment. A search warrant was subsequently executed at Crawford's residence, at which time the officers located marijuana and numerous firearms. On January 16, 2003, Crawford was named in a superseding indictment that charged him with manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1), possessing marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possessing firearms after having been

convicted of a felony, in violation of 28 U.S.C. § 922(g)(1). On June 30, 2003, a superseding information was filed in open court. On that same date, Crawford pleaded guilty to both counts of the superseding information, possessing firearms after having been convicted of a felony, in violation of 28 U.S.C. § 922(g)(1), and possessing a controlled substance, in violation of 21 U.S.C. § 844. The plea agreement provided that the maximum penalty Crawford faced as to the firearms charge was a fine of $250,000 and ten (10) years imprisonment.

Subsequent to the plea hearing, the United States Probation Office prepared a pre-sentence report and ultimately determined that, due to three prior felony burglary convictions, Crawford was subject to a mandatory fifteen-year term of incarceration, pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act. On October 2, 2003, a motion to continue the sentencing proceeding was granted. On December 9, 2003, through counsel, Crawford filed a Motion for Specific Performance of the Signed Plea Agreement or, in the Alternative, to Withdraw the Plea of Guilty. On December 12, 2003, he filed a Motion to Suppress the Results of the Search by Warrant. On January 5, 2004, the United States filed a response to Crawford's motion for specific performance, stating that the only remedy for Crawford was to permit him the opportunity to withdraw his guilty plea. On that same date, counsel for both sides argued the motions before the court. The court agreed with the United States' position that the only appropriate remedy was to permit Crawford to withdraw his guilty plea.[1]

On January 21, 2004, Crawford filed a Notice of Interlocutory Appeal with the United States Court of Appeals for the Fourth Circuit. By order entered April 15, 2004, that court dismissed

---

[1] The court determined that a Rule 11 violation occurred at the plea hearing because Crawford had not been advised of the possible mandatory fifteen year sentence.

2

Crawford's appeal on jurisdictional grounds. Crawford subsequently petitioned for a writ of certiorari with the Supreme Court of the United States; however, the Court denied certiorari on October 4, 2004.

On April 26, 2005, Crawford filed a Motion for Reconsideration regarding the court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act. On April 29, 2005, the United States filed a motion responding to Crawford's motion and also requesting a hearing to determine whether Crawford's intent was to withdraw his guilty plea and proceed to trial. On May 9, 2005, the court held a hearing to consider these issues. At that hearing, Crawford was advised of his right to withdraw the plea and he confirmed that he did not wish to withdraw his plea and that he was making the decision voluntarily. The court took the Armed Career Criminal issue under advisement.

By final judgment order, entered July 28, 2005, the court sentenced Crawford to a total term of 180 months incarceration. Crawford's conviction and sentence was affirmed by the United States Court of Appeals for the Fourth Circuit by unpublished per curiam opinion entered April 6, 2006. On October 2, 2006, the Supreme Court of the United States again denied Crawford certiorari. Crawford filed the current § 2255 Motion on November 9, 2007.[2] Crawford collaterally attacks his sentence on five grounds: (1) his appeal and collateral attack waivers were not knowing and voluntary; (2) his ineffective assistance of counsel waiver was not knowing and voluntary; (3) counsel provided ineffective assistance by improperly advising Crawford to plead guilty without adequately investigating the charge, allowing Crawford to plead guilty to a "defective plea agreement," advising Crawford not to withdraw the plea agreement, and advising Crawford to

---

[2] Crawford's petition appears, at first glance, to be untimely; however, he contends that he submitted his petition to prison authorities for mailing on September 27, 2007. Accordingly, out of an abundance of caution, the court will consider the motion.

3

answer in the affirmative to all of the court's questions; (4) the guilty plea was not knowing and voluntary because the plea colloquy was replete with numerous Rule 11 violations; and (5) appellate counsel provided ineffective assistance by failing to challenge the Rule 11 violations committed at the plea colloquy. Crawford requests an evidentiary hearing as to his claims.[3]

## II.

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2006). Crawford bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

## III.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction

---

[3] Crawford filed a Motion to Amend his petition on February 22, 2008, requesting the addition of two new claims to his § 2255 motion. Crawford alleges that (1) he pleaded guilty to an invalid charging instrument as the information was not filed subject to a waiver of indictment as required under Rule 7(b); and (2) he was blindly instructed to sign a document entitled "Waiver of Indictment," and he was informed that it could not subject him to more than 24 months incarceration. An amendment to a pending § 2255 motion is subject to the one-year statute of limitations unless the amendment relates back to a timely raised claim, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. See Mayle v. Felix, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order"). Crawford's conviction became final on October 2, 2006, when the Supreme Court of the United States denied his petition for certiorari. Crawford's Motion to Amend was filed on February 22, 2008, well beyond the requisite period of limitation. Therefore, because the two new claims do not relate back to the claims raised in the initial § 2255 Motion, the court finds that they are untimely and Crawford's Motion to Amend must be denied. Even assuming that Crawford's two claims in his Motion to Amend relate back to the original § 2255 Motion, as the court will illustrate, the claims fall within the scope of the valid § 2255 waiver in his plea agreement. Therefore, they are also waived.

4

and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). The validity of a waiver "depends on whether the defendant knowingly and intelligently agreed to waive the right." Id. at 731-32. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see also United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Lemaster, 403 F.3d at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy–specifically, whether the district court questioned the defendant about the . . . waiver–the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002)). Thus, the determination "'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United

5

States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

That does not end the inquiry, however. The court must also consider the scope of the plea agreement waiver: that is, whether it prevents the court from considering the particular claims the defendant asserts in his § 2255 motion. The United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor such as race, fall outside the scope of the waiver.[4] Attar, 38 F.3d at 732; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); see also Blick, 408 F.3d at 169-71. Thus, in addition to evaluating the validity of Crawford's guilty plea and waiver of § 2255 rights, the court must determine whether each of his § 2255 claims fall within the scope of that waiver.

Here, the record fully establishes that Crawford knowingly and intelligently entered a valid guilty plea and waived his right to collaterally attack his sentence, including any proceeding brought under § 2255. In his plea agreement, Crawford acknowledged that counsel informed him of the nature of the charges and the elements of the charges and that he "had all of [his] rights explained," and that he was "knowingly waiv[ing] and giv[ing] up these valuable constitutional rights." (Plea Agreement at 2.) Crawford further waived "any claim that I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing." (Plea Agreement 7.)

---

[4] In Lemaster, the court implicitly acknowledged that these discrete claims would also be considered outside the scope of a valid plea agreement waiver of § 2255 rights. 403 F.3d at 220 n.2.

6

Moreover, Crawford specifically agreed to "waive [his] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the Court." (Plea Agreement at 6.) The language and meaning of the § 2255 waiver is clear and unmistakable, and both Crawford and his attorneys represented by their signatures to the plea agreement that Crawford had been fully advised of, and understood, its terms. Additionally, Crawford does not adequately dispute that he understood the collateral attack waiver provision nor does he claim that the waiver provision of that agreement is invalid.[5]

Moreover, pursuant to Federal Rule of Criminal Procedure 11, before accepting the guilty plea, the court engaged in a plea colloquy with Crawford on June 30, 2003. During the plea colloquy Crawford indicated to the court that he was born on July 11, 1951, that he had completed the third grade,[6] and that he was not under the influence of any medication that hampered his ability to understand the courtroom proceedings.[7] The court reviewed with Crawford the constitutional rights he forfeited by pleading guilty, and Crawford indicated that he understood the rights he was giving

---

[5] Crawford maintains that he "did not knowingly and voluntarily waive his right to seek habeas corpus relief under the terms and conditions of the plea agreement." (Mem. Supp. § 2255 Mot. at 6.) However, this conclusory allegation is insufficient to support a determination that Crawford's guilty plea execution was invalid. Crawford provides no factual support for his allegation that his waiver was not knowing and voluntary when he signed the plea agreement.

[6] Crawford complains that at the time of the plea agreement and colloquy, he was "unable to read and write and was not educated past third grade." (Mem. Supp. § 2255 Mot. at 17.) However, Crawford fails to allege that he did not understand the plea agreement or any of the provisions nor does he contend that he did not understand any of the information provided at the plea colloquy. Moreover, Crawford admitted during the plea colloquy that counsel had reviewed the superseding information and the plea agreement with him and that he understood both. Thus, his current allegations are insufficient to render his plea invalid.

[7] Crawford further contends that he was taking pain and sleep medication at the time of the June 30, 2003 plea hearing and that the "prescribed medication . . . affected his mental state, as well as his ability to enter a voluntary and intelligent plea." (Mem. Supp. § 2255 Mot. at 21.) Once again, the court notes that Crawford's conclusory allegations are insufficient. Crawford does not provide any factual support concerning the alleged side effects of the medication or how the side effects hampered his ability to enter a voluntary plea. Moreover, Crawford informed the court at the plea colloquy that he was not under the influence of any medication of any kind and that he was feeling fine. Accordingly, such allegations are also insufficient to render his plea invalid.

7

up.[8] Crawford affirmed that he had been given ample opportunity to consult with his attorneys and that he was fully satisfied with the counsel, representation, and advice given by his attorneys. The court specifically asked Crawford whether he and his counsel had discussed how the sentencing guidelines might apply to his case and Crawford, again, answered in the affirmative. The court also noted that Crawford would still be bound by his plea agreement even if the sentence imposed was more severe than Crawford expected. Crawford indicated that he understood. Crawford's counsel then summarized the plea agreement for the court and specifically noted Crawford's waiver of his right to collaterally attack the conviction.[9] Crawford denied that anyone had made any promise to him, outside the provisions of the plea agreement, or otherwise induced or forced him to plead guilty.

---

[8] Crawford complains that the court did not "thoroughly" question him to "ensure [that] he was competent to enter a plea, and that he understood the nature and consequences of his plea" and that the plea colloquy was replete with Rule 11 violations. (Mem. Supp. § 2255 Mot. at 8.) He alleges that the "court never asked whether [Crawford] understood all the rights he was forfeiting by pleading guilty," never advised Crawford that he had a right to plead not guilty, never required Crawford to admit or deny the "elements of the offenses," and directed several questions to counsel rather than Crawford. (§ 2255 Mot., Attach. B; Mem. Supp. § 2255 Mot. at 8.) Contrary to Crawford's contentions, the record clearly indicates that the court "thoroughly" questioned Crawford and developed a substantial basis to support the finding that Crawford was competent to enter the guilty plea and that he understood the rights, including the right to plead not guilty and continue to a jury trial, that he was forfeiting by pleading guilty. Furthermore, Crawford's contention that he was not required to admit or deny the elements of the charges in the superseding information is not supported by the record. Crawford, himself, waived a reading of the superseding information in open court and indicated to the court that he had discussed the charges with his counsel. Moreover, the United States summarized the elements of the charges that it was required to prove and Crawford answered in the affirmative that he understood and that he wished to plead guilty to the charges. Finally, Crawford fails to specify what questions were directed to counsel and how such questioning negatively affected his plea hearing. Thus, Crawford's allegations are meritless.

[9] Crawford complains that "the Court devoted no particular attention to the waiver of appellate and habeas corpus rights provision of the plea agreement" and that the court failed to question Crawford as to the waivers. Crawford contends that the collateral attack waiver is, therefore, invalid. (Mem. Supp. § 2255 Mot. at 8-9.) These tenuous arguments fail to support the conclusion that the collateral attack waiver is invalid. The waiver is clearly set forth in the plea agreement and, as this court has already noted, Crawford signed the plea agreement and admitted during the plea colloquy that he had reviewed the plea agreement with his counsel. Moreover, the waiver was mentioned in open court at the plea hearing and at the January 5, 2004 motion hearing by his own counsel and, even though the court did not specifically question him as to his understanding of the waiver, Crawford does not allege that he was not aware of the waiver or that he did not understand the waiver. See United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994) (citing United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993) (a waiver may be knowing and intelligent, even if the trial judge fails to specifically discuss the provision with the defendant during the Rule 11 colloquy, if "it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver")).

8

The court determined, at the conclusion of the plea colloquy, that Crawford's plea was knowing and voluntary.[10] Therefore, the court finds that Crawford's representations at the plea hearing support a finding that the waivers in the written plea agreement were knowingly and voluntarily made. Accordingly, the court concludes that Crawford's waiver of his right to bring a collateral attack under § 2255 is valid and enforceable.

Finding that the waiver is valid, the court must now determine whether Crawford's claims are included within the scope of the waiver. After reviewing the record, the court finds that none of the factors that the United States Court of Appeals for the Fourth Circuit applied in <u>Attar</u> are applicable here. See <u>Attar</u>, 38 F.3d at 732-33. Crawford does not claim that his sentence of 180 months exceeded the statutory maximum for the charges for which he was convicted nor does he allege that his sentence was premised on any constitutionally impermissible factor such as race. A claim of ineffective assistance of counsel only falls outside the scope of the collateral attack waiver if the defendant has been completely deprived of counsel. <u>Attar</u>, 38 F.3d at 732-33. A claim that counsel was generally ineffective does not suggest that the defendant was wholly deprived of counsel and, thus, such claims do not fall outside the scope of the collateral attack waiver. See <u>Lemaster</u>, 403 F.3d at 220 n.2. Therefore, Crawford's claims fall within the scope of the plea agreement waiver and are, thus, not cognizable claims for post conviction relief in a motion brought pursuant to § 2255.[11] Accordingly, the court will grant respondent's Motion to Dismiss and will deny

---

[10] Crawford contends that he "did not understand the terms and conditions of his plea agreement and as such it was not knowing and voluntary." (Mem. Supp. § 2255 Mot. at 8.) However, Crawford's own statements during the plea colloquy belie such a contention and Crawford provides no factual support to bolster his claim. Moreover, Crawford was given the opportunity to withdraw his plea at a May 9, 2005 hearing and he voluntarily chose not to do so.

[11] Even assuming that Crawford's claims are excepted from the waiver in the plea agreement, they fail on the merits. The court first notes that, in his reply to the government's response, Crawford himself admits that he "is without serious confidence that Grounds One through [Five] can, as a matter of fact or law, be construed as adequate to obtain

9

Crawford's motion for relief pursuant to § 2255.

## IV.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993). Crawford knowingly and intelligently agreed to waive his right to collaterally attack his sentence in exchange for several concessions made by the United States, and he was sentenced in the manner to which he agreed. The United States has adhered to its part of the plea bargain. Granting Crawford relief on the issues he has raised, under these circumstances, would unfairly deny the United States an important benefit

---

the relief requested in the original petition." (Resp. in Opp'n at 2.) Regardless, as this court has already determined, Crawford's guilty plea and the aforementioned waiver provisions were knowingly and voluntarily entered in to by Crawford. Thus, claims (1), (2), and (4) of this petition, all of which concern the voluntariness of the plea, lack merit. Accordingly, claim (5), concerning appellate counsel's failure to challenge the voluntariness of the plea and the only claim arguably outside the scope of the waiver, lacks merit as there was no obvious basis for such a challenge. As to the allegations in claim (3), Crawford must prove that counsels' representation fell below "an objective standard of reasonableness" and that, but for counsels' alleged errors, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Strickland v. Washington, 466 U.S. 668, 687-94 (1984); Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). Notwithstanding the fact that Crawford declared in open court that he was satisfied with the representation of his attorneys, Crawford fails to adequately demonstrate that counsels' representation fell below an objective standard of reasonableness. Crawford first alleges that counsel provided ineffective assistance in improperly advising him to plead guilty without adequately investigating the facts supporting the firearms charge. However, the record reveals that there was sufficient evidence, including the eight to twenty-four firearms found at Crawford's residence and a bullet that was used as evidence in a previous prosecution of Crawford which was matched to a firearm at the residence, to support such a charge. Regardless, Crawford's counsel attempted to suppress the firearm evidence found at the residence. Clearly, counsel was not ineffective in advising Crawford to plead guilty when the motion was not granted. Crawford next complains that counsel advised Crawford to plead guilty to a defective plea agreement; however, Crawford does not elaborate as to what portions of the agreement were defective. Crawford also alleges that counsel was insufficient in advising Crawford not to withdraw the plea agreement. Such a tactical decision does not rise to the level of a constitutional violation, however. See Strickland, 466 U.S. at 689 (finding that actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance). The record is clear that Crawford's attorneys put forth a dedicated effort during the course of the adjudication and that there were adequate reasons, including dismissal of indictment counts, the opportunity to pursue an interlocutory appeal, and the potential of a superseding indictment, why withdrawing the plea agreement was not the most viable option for Crawford. Crawford finally alleges that counsel was ineffective in advising Crawford to answer in the affirmative to all of the court's questions. It appears from Crawford's submissions to the court, however, that counsel, at most, merely informed Crawford that his statements should not "prevent the court from accepting the guilty plea." (Mem. Supp. § 2255 Mot. at 23.) Such advice was not inappropriate and does not fall below an objective standard of reasonableness. Accordingly, all of Crawford's ineffective assistance of counsel claims fail to rise to the level of a constitutional violation and, therefore, such claims would not succeed even if they were not excepted from the waiver.

of its bargain. Accordingly, the court will grant the Motion to Dismiss. An appropriate Order shall be issued this day.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and accompanying Order to petitioner and counsel of record for respondent.

**ENTER:** This 23rd day of April, 2008

_____
United States District Judge