# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>EDISON PILGRIM CRAWFORD,<br>*Defendant.* | CASE NO. 3:02-cr-00042<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Defendant, represented by appointed counsel, has filed—pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551 (2015)—a motion to vacate his sentence. (Dkt. 155). Defendant's sentence was significantly enhanced under the Armed Career Criminal Act ("ACCA") because his three prior convictions—from over forty-five years ago—for Virginia breaking and entering were treated as "violent felonies" within the meaning of the Act. In 2015, the Supreme Court invalidated what is known as the "residual clause" of the ACCA, *Johnson*, 135 S. Ct. at 2557, and on April 18, 2016, the Court made *Johnson* retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Defendant now argues that his prior convictions do not satisfy the ACCA's remaining clauses. Accordingly, he argues he should not have received the ACCA enhancement and is entitled to resentencing. Furthermore, defendant argues that his non-ACCA sentencing guidelines entitle him to immediate release, as he has served time well beyond his guidelines range.

Although I find Defendant's current sentence inequitable, his motion cannot be granted. Review of the transcript of Defendant's sentencing hearing clearly demonstrates that he was sentenced under the "enumerated clause" of the ACCA, not the residual clause. (Dkt. 91). Because *Johnson* left the enumerated clause intact, that decision has no bearing on Defendant's

case. Without the aid of *Johnson*'s retroactive ruling, Defendant's successive petition is procedurally barred by 28 U.S.C. § 2255(f) because it does not rely on a new rule of constitutional law, made retroactive to cases on collateral review.

## BACKGROUND

On June 30, 2003, Crawford pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and to possession of marijuana in violation of 21 U.S.C. § 844. On July 28, 2005, the Court sentenced him to 180 months imprisonment after finding that he was subject to an ACCA enhancement because his prior convictions for three counts of Virginia breaking and entering in 1971 qualified as "violent felonies" within the meaning of the ACCA.

## ANALYSIS

### I. The ACCA and *Johnson*

Under the ACCA, a mandatory minimum fifteen-year sentence applies to an individual convicted of being a felon in possession of a firearm who have at least three prior "violent felony" or "serious drug offense" convictions. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ~~or otherwise involves conduct that presents a serious potential risk of physical injury to another~~.

§ 924(e)(2)(B). The Supreme Court, in *Johnson*, invalidated the language stricken above, also known as the "residual clause," as unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2555–56 (2015).

Defendant's motion relies on the interplay of all three clauses. First, Defendant argues that breaking and entering cannot qualify under the "residual clause," because it has been deemed unconstitutional. Second, Defendant argues that breaking and entering convictions do not qualify under the "force clause." 18 U.S.C. § 924(e)(2)(B)(i). And, lastly, Defendant argues that breaking and entering convictions do not qualify under the "enumerated clause."[1] 18 U.S.C. § 924(e)(2)(B)(ii).

## II. Timeliness of the Motion

Section 2255(f) permits an appeal within one year of four possible scenarios. Three of the four scenarios are undoubtedly inapplicable to Defendant's case: More than a year has passed since the judgment became final; there is no evidence of governmental impediment to filing; and there are no new facts presented. 28 U.S.C. §§ 2255(f)(1)–(2), (4). Defendant's claim relies solely on Section 2255(f)(3), which provides for a one-year limitations period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Johnson* was issued on June 26, 2015, and its holding was made retroactive on April 18, 2016. Defendant filed his Application for Leave to File a Second or Successive Motion under 28 U.S.C. § 2255 on June 21, 2016. *In re: Edison Crawford*, No. 16-9462 (4th Cir. Jun.

---

[1] Had Defendant's case not been procedurally barred, I would have found in Defendant's favor on the merits of his Section 2255 claim. Defendant's convictions for Virginia breaking and entering do not fit within the force clause, the residual clause has been found to be unconstitutional, and Virginia breaking and entering does not fit within the enumerated clause because I find that Virginia breaking and entering is broader than generic burglary and not divisible. *See United States v. Gambill*, No. 1:10CR00013, 2016 WL 5865057 (W.D. Va. Oct. 7, 2016) (finding that Virginia burglary (i.e., breaking and entering) is broader than generic burglary, not divisible, and thus did not fit within the enumerated clause). *But see United States v. Major*, No. 1:11CR16, 2016 WL 4059662 (E.D. Va. July 27, 2016) (finding that Virginia burglary is divisible and thus the modified categorical approach can be used to fit convictions within the enumerated clause). The issue is presently before the Fourth Circuit on appeal. *United States v. Major*, No. 16-7279 (4th Cir. filed Sept. 21, 2016).

22, 2016), ECF No. 4. Additionally, Defendant's successive Section 2255 motion satisfies 28 U.S.C. § 2255(h)(2), as the Fourth Circuit has certified his motion. (Dkt. 154).[2]

The Government argues that Defendant's motion is untimely because it does not properly rely on a right that has been newly recognized by the Supreme Court, and thus it is barred as a second or successive petition. More specifically, the Government asserts that Defendant's motion does not properly rely on *Johnson* because he has not proven that his underlying offenses qualified *only* under the residual clause. (Dkt. 160 at 7–11). Under the Government's theory, a petitioner bears the burden of proving that their ACCA enhancement was predicated solely on the residual clause, and thus was invalidated by the retroactive *Johnson* ruling.

This assertion mirrors an argument made in *United States v. Winston*, No. 3:01-cr-79, 2016 WL 4940211 (W.D. Va. Sept. 16, 2016), and based on the same reasoning, I disagree with the government's position. *Id.* at *2–7. I find that, in order to establish a case under *Johnson*, a petitioner need not demonstrate that his underlying offense qualified *only* under the residual clause; rather, he must prove that he *may have been* sentenced using the residual clause because the sentencing record is unclear (e.g., the sentencing judge did not specify which clause was being used). *Id.* at *5–7; *see also United States v. Gabourel*, No. 7:03-cr-45, 2016 WL 3453479 (W.D. Va. June 17, 2016) (discussing whether a petitioner must prove that the residual clause was used).

Nevertheless, even using the proper standard of review, Defendant's petition is procedurally barred by 28 U.S.C. § 2255(f) because a review of the sentencing transcript

---

[2] The fact that the Fourth Circuit certified Defendant's motion has no bearing on whether it is procedurally barred by 28 U.S.C. § 2255(f). *In re Hubbard*, 825 F.3d 225, 231 (4th Cir. 2016) ("[I]t is for the district court to determine whether the new rule extends to the movant's case, not for this court in this proceeding.").

– 4 –

demonstrates, unequivocally, that Defendant was sentenced using the enumerated clause. At Defendant's sentencing hearing, counsel for both the Government and Defendant argued at length about whether Defendant's prior Virginia breaking and entering convictions qualified as burglary under the ACCA. (Dkt. 91 at 6–19). Ultimately, the Court was asked to decide whether Defendant's prior convictions for breaking and entering a storehouse qualified as generic burglaries. (Dkt. 91 at 15–16 ([Counsel for the Government:] "[T]he only determination for this Court is whether the storehouse equals a building or structure.")). At the sentencing hearing, there was no discussion of alternative rationales for applying the ACCA, such as the residual clause. The parties argued exclusively about whether Defendant's prior convictions qualified as burglaries under the ACCA. Furthermore, the Government's supplemental briefing argued that Defendant's prior convictions qualified as generic burglaries; there was no mention of the residual clause. (Dkt. 77).

The Court reluctantly found that Defendant's prior convictions were generic burglaries, (dkt. 91 at 20–21 ("I just don't think I have any choice but to impose [an ACCA enhacement].")), and therefore eligible for the ACCA enhancement via the enumerated clause. Because Defendant's sentence was enhanced using the enumerated clause alone, *Johnson* has no bearing on his petition. Thus, Defendant does not rely on a newly recognized right made retroactive by the Supreme Court, and his claim is procedurally barred. 28 U.S.C. § 2255(f)(3).

## III. Conclusion

Based on the foregoing, Defendant's Motion to Vacate, (dkt. 155), will be denied. Although Defendant's petition would succeed on the merits, the Court does not have the authority to grant his petition under 28 U.S.C. § 2255(f). The Supreme Court's ruling in *Johnson*, which was made retroactive, does not apply to his case because he was explicitly

sentenced under the enumerated clause of the ACCA. Thus, Defendant's petition is procedurally barred.

As a result, Defendant will continue to serve a fifteen-year sentence, despite the fact that his non-ACCA guidelines recommended a sentence of eighteen to twenty-four months (based on a criminal history category of I). In fact, the statutory maximum for Defendant's 2003 was ten years. When Defendant was nineteen years old, he and his brothers burglarized a garage and storehouse on three consecutive nights and stole roughly $1,100 worth of merchandise. Thirty-four years later, after no significant intervening criminal history, those convictions were used to adjudge Defendant an "armed career criminal" and impose a mandatory fifteen-year prison sentence. Forty-five years later, Defendant remains in prison without a legal remedy.

I found Defendant's sentence gravely unjust when it was issued in 2005, (dkt. 91 at 21), and I remain steadfast in that position today. Imprisoning Defendant for fifteen years and calling him an "armed career criminal" based entirely on property crimes committed as a teenager over forty years ago is a grossly disparate punishment, especially when—based on current Supreme Court precedent—he would not qualify under the ACCA enhancement if sentenced today. The procedural roadblocks created by statute restrict the Court's ability to consider the merits of Defendant's petition, and they are the only reason Defendant remains in prison today.

The Clerk of the Court is hereby directed to send a certified copy of this opinion to all counsel of record. An appropriate order will issue.

Entered this 22nd day of November, 2016.

_Norman K. Moon_
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE